IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JUSTIN GARDNER, | ) | |
| | ) | |
| Petitioner, | ) | 8:18CV46 |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF NEBRASKA, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Respondent. | ) | |

Petitioner has filed a petition for writ of habeas corpus. He has not been given leave to proceed in forma pauperis. Rather, he paid the initial filing fee.

This matter is before me on Petitioner's Notices of Appeal (Filing No. 25; filing No. 27). For the reasons set forth below, the court finds that pursuant to 28 U.S.C. § 1915(a)(3), Petitioner may not take this appeal in forma pauperis. Indeed, Petitioner has not requested that he be allowed to proceed in forma pauperis, but he has not paid the appellate filing fee either.

A litigant seeking to appeal a judgment must either pay the required filing fees, *see* Fed. R. App. P. 3(e), or proceed in forma pauperis pursuant to § 1915(a). Section 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." An appellant demonstrates good faith by seeking appellate review of any issue that is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Ellis v. United States*, 356 U.S. 674, 674 (1958).

An appeal is frivolous when none of the legal points are arguable on their merit. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Misischia v. St. John's Mercy Health Sys.*, 457 F.3d 800, 806 (8th Cir. 2006). And while such a finding should be

made only in extreme cases, it is proper when a party attempts to appeal from an order that is clearly not appealable. *See Cohen v. Curtis Publ'g Co.*, 333 F.2d 974, 978-79 (8th Cir. 1964).

The orders from which Petitioner is attempting to appeal—the court's orders denying the production of additional documents (filings nos. 21 (motion), 22 (motion) and 23 (order[1])) and denying the issuance of a writ of mandamus to the Nebraska Supreme Court (filing nos. 15 (petition for writ of mandamus) and 18 (order)) —are clearly not appealable. The orders do not qualify as "final decisions" capable of appeal under 28 U.S.C. § 1291. In addition, the orders do not fall within the narrow class of appealable interlocutory orders under § 1292(a).

Because Petitioner is attempting to appeal from orders that are not appealable, the court certifies that the appeal is not taken in good faith.

IT IS ORDERED that:

1. Petitioner may not proceed on appeal in forma pauperis.

2. Petitioner is given until September 24, 2018, to pay the filing fee of $400.

3. The Clerk of this court shall not process the appeal until and unless the filing fee is paid or as otherwise directed by the Court of Appeals.

---

[1] I have no reason to believe that Respondent failed to follow my progression order (filing no. 4 at CM/ECF pp. 4-5 ¶ 4C) that required Respondent to provide Petitioner with a copy of the answer, the designation, the brief, and a copy of the specific pages of the designated record cited in Respondent's brief. When Petitioner sought additional documents, I denied the request because he did not comply with the progression order that required him to show "the reasons the documents are relevant to the cognizable claims." (*Id.*)

4. The Clerk of this court is directed to provide a copy of this Memorandum and Order to the Eighth Circuit Court of Appeals.

DATED this 21st day of August, 2018.

BY THE COURT:
s/ *Richard G. Kopf*
Senior United States District Judge