IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JUSTIN GARDNER, | ) | |
| | ) | |
| Petitioner, | ) | 8:18CV46 |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF NEBRASKA, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Respondent. | ) | |

Pending before me is a petition for writ of habeas corpus. Respondent has filed the state court records and the matter has now been submitted after briefing.[1] Three of Petitioner's claims have been procedurally defaulted without excuse and the fourth has no merit. I will deny the petition with prejudice and deny a certificate of appealability. Because this case borders on the frivolous, I will be brief.

The claims, as I summarized and condensed them, are these:

CLAIM ONE: Petitioner was the subject of an illegal search and seizure and an illegal interrogation in violation of the Fourth and Fifth Amendments.

CLAIM TWO: Petitioner was subjected to double jeopardy in violation

---

[1] Petitioner filed a 38-page brief (filing no. 12) *before* the Respondent answered and *before* the time for submitting briefs under the progression order. After Respondent filed its brief in accordance with the progression order Petitioner did not file a brief in response as directed by the progression order. Additionally, I have no reason to believe that Respondent failed to follow my progression order (filing no. 4 at CM/ECF pp. 4-5 ¶ 4C) that required Respondent to provide Petitioner with a copy of the answer, the designation, the brief, and a copy of the specific pages of the designated record cited in Respondent's brief.

of the Fifth Amendment.

CLAIM THREE: The declaration of a mistrial and the subsequent proceedings violated Petitioner's due process rights under the Fourteenth Amendment.

CLAIM FOUR: In violation of the Sixth Amendment, Petitioner was denied effective assistance of trial counsel and the district court failed to appoint appellate counsel after allowing trial counsel to withdraw or if appellate counsel was appointed then appellate counsel was ineffective.

(Filing no. 4 at CM/ECF pp. 1-2.)

Summarized, the background[2] is this:

1.    On July 25, 2017, Petitioner Justin Gardner was convicted by a jury in the District Court of Douglas County, Nebraska, of possession of a controlled substance and possession of a deadly weapon by a prohibited person.

2.    That same day, the state district court sentenced Petitioner to concurrent prison sentences of 1 year to 2 years for possession of a controlled substance and 3 years to 3 years and 2 days for possession of a deadly weapon by a prohibited person.

---

[2] I take judicial notice of state court records. *See Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (court may take judicial notice of public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts). Nebraska's judicial records may be retrieved on-line through the *Justice* site. It is available at https://www.nebraska.gov/justicecc/ccname.cgi. The Court of Appeals number for the direct appeal is 17-791 and the trial court number is CR16-3314.

3.  Petitioner represented himself at trial and on direct appeal. The trial court appointed standby counsel for the trial proceedings. After sentencing, and in the presence of Petitioner, standby counsel informed the trial judge that Petitioner desired to represent himself on appeal. Petitioner did not contradict standby counsel's statement. Standby counsel then moved to withdraw. Petitioner did not object. The trial court granted the motion. There is no record that I can find showing Petitioner requested appellate counsel during the course of the direct appeal.

4.  On September 1, 2017, the Nebraska Court of Appeals dismissed Petitioner's direct appeal for lack of jurisdiction because the appeal was not properly perfected under Nebraska law. Petitioner did not petition the Nebraska Supreme Court for further review.

5.  In addition to the direct appeal, Petitioner filed various other pro se appeals to the Nebraska Court of Appeals (both prior to and following the jury trial), all of which were dismissed for lack of jurisdiction.

6.  On September 11, 2017, Petitioner filed a motion for postconviction relief in the state district court. The postconviction motion raises numerous Constitutional claims in a summary fashion and without any detail. It does not appear that the state district court has ruled on Petitioner's postconviction motion at this time.

7.  Petitioner filed his habeas petition with this Court on February 12, 2018.

Counsel for Respondent has neatly stated the relevant law on the first three

claims. Explaining that these three claims are procedurally defaulted, she writes and I agree that:

> An application for a writ of habeas corpus can only be granted if the applicant has exhausted all of the available state court remedies." *Bell-Bey v. Roper*, 499 F.3d 752, 756 (8th Cir. 2007); *see also* 28 U.S.C. § 2254(b)(1)(A). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In Nebraska, "one complete round" ordinarily means that each habeas claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court. *See Akins v. Kenney*, 410 F.3d 451, 454 (8th Cir. 2005).
>
> If a habeas claim has not been presented on the merits all the way through the state's appellate review process and is now barred from such presentation, the claim is "procedurally defaulted," not unexhausted. *See Abdullah*, 75 F.3d at 411; *Akins*, 410 F.3d at 456 n. 1. "The Nebraska Postconviction Act, Neb. Rev. Stat. § 29-3001 et seq. (Reissue 2008), is available to a defendant to show that his or her conviction was obtained in violation of his or her constitutional rights," however, "the need for finality in the criminal process requires that a defendant bring all claims for relief at the first opportunity." *State v. Sims*, 761 N.W.2d 527, 533 (Neb. 2009). "It is well established that a petition for postconviction relief may not be used to obtain review of issues that were or could have been reviewed on direct appeal. Any attempts to raise issues at the postconviction stage that were or could have been raised on direct appeal are procedurally barred." *State v. Dubray*, 885 N.W.2d 540, 552 (Neb. 2016).
>
> Gardner's first three habeas claims all involve issues that were known to Gardner at the time of his direct appeal. As a result, Gardner was required under Nebraska law to raise those claims on his direct appeal. The Nebraska appellate courts, however, never reached the merits on any of Gardner's direct appeal issues because he failed to comply with state procedural rules for docketing an appeal. Because Gardner is now barred from raising claims that could have been raised on direct appeal,

his first three habeas claims are procedurally defaulted.

(Filing no. 20 at CM/ECF pp. 4-5.)

In short, Petitioner has not given the Nebraska appellate courts the opportunity for one complete round of review to address the merits of Petitioner's first three claims. Petitioner has not tried to excuse the procedural default. He has not articulated cause and prejudice to excuse the default. He has not shown that there was a miscarriage of justice.

I now turn to the fourth claim that in general regards ineffective assistance of counsel. "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State[.]" 28 U.S.C. § 2254(b)(2). *See also Rhines v. Weber*, 544 U.S. 269, 277 (2005) (stating that the "district court would abuse its discretion if it were to grant [Petitioner] a stay when his unexhausted claims are plainly meritless.")

At the request of Respondent, I elect to resolve this fourth claim on the merits despite the fact that it remains unexhausted and the claim is pending in the state courts. Here the fourth claim is plainly without merit. Petitioner elected to represent himself at trial, the trial court appointed standby counsel to assist if needed at trial, Petitioner elected to represent himself on direct appeal, his state court motion for post-conviction relief mentions ineffective assistance of counsel only in passing (together with a host of other unexplained claims), and Petitioner has not submitted a brief responsive to Respondent's brief.

To the extent Petitioner attacks standby counsel, various federal courts have reasoned that a defendant cannot assert a federal constitutional violation based on ineffective assistance of standby counsel when the defendant elects to represent himself. *See, e.g., Simpson v. Battaglia*, 458 F.3d 585, 597 (7th Cir. 2006) ("inadequacy of standby counsel's performance, without the defendant's relinquishment of his [right to self-representation], cannot give rise to an ineffective assistance of counsel claim

under the Sixth Amendment"); *United States v. Schmidt*, 105 F.3d 82, 90 (2d Cir.1997) ("[a]bsent a constitutional right to standby counsel, a defendant generally cannot prove standby counsel was ineffective"). For thorough discussion of this question, one should read the Nebraska Supreme Court's opinion in *State v. Gunther*, 768 N.W.2d 453, 456-458 (Neb. 2009).

To the extent Petitioner claims that the trial court violated his Constitutional rights in not appointing appellate counsel on the court's own motion, I find no authority for such an argument where as here (1) Petitioner did not object or otherwise contradict standby counsel when standby counsel moved to withdraw right after sentencing stating that Petitioner had told standby counsel that Petitioner intended to represent himself on appeal (filing no. 8-5 at CM/ECF pp. 111-112) and (2) there is no record of Petitioner requesting the appointment of appellate counsel during the direct appeal.

Lastly, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED that the habeas corpus petition (filing no. 1) is denied and dismissed with prejudice. No certificate of appealability has been or will be issued. Judgment will be issued by separate document.

DATED this 21st day of August, 2018.

BY THE COURT:
s/ *Richard G. Kopf*
Senior United States District Judge